# Norman Bennett, Appellee, v. County of Clark, Appellant.

1. COUNTIES, § 166*—*when liable on contract for printing of ballots.* In an action by a printer against a county on a contract with the county clerk for the printing of election ballots, where the defense was that the clerk had no authority to contract for the printing of the ballots, as the county had a yearly contract with another printer, *held* that a judgment for the plaintiff was proper where the record showed that there was a bid made by the second printer but failed to show that it was accepted by the county board, or that the committee of the board of supervisors was authorized to execute the so-called contract based thereon.

2. CONTRACTS, § 8*—*when contract void for uncertainty.* A contract to do printing for a county based on a bid, setting out the rate at which certain items were to be printed and providing that any other printing required by the county would be done "at fair and reasonable prices," *held* void for uncertainty as to those items as to which no prices were stated.

3. COUNTIES, § 166*—*when liable for ballots ordered printed by county clerk.* A county board of supervisors is liable for ballots ordered printed by a county clerk where, in ordering them, he violates no law, contract or rule of the board.

Appeal from the Circuit Court of Clark county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed April 21, 1916.

E. D. JONES and EVERETT CONNELLY, for appellant.

SAMUEL M. SCHOLFIELD and JOHN J. ARNEY, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellee, who is a printer, printed some primary ballots for a primary election held in Clark county. They were ordered by the county clerk of that county, were printed under his direction, delivered to him

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

when completed, by him distributed to the election officials of that county as required by law, and used by the voters at that primary election.

He filed his bill for such printing with the county clerk of that county, who approved it and presented it to the county board. The board refused to allow the bill, and appellee appealed to the Circuit Court of that county, where he obtained a judgment for $264.50. The county brings the record here by appeal. There is no contention that the work was not well done or that the charge therefor was unreasonable.

The defense interposed at the trial was that the county, through its county board, had contracted with another printer, named Keithley, to do all the county's printing for the period during which this printing was done, and that, therefore, the county clerk had no power to bind the county by his contract with appellee for this work. It has not been here contended that the county clerk would not have the lawful right to order the primary ballots printed at the expense of the county, if no contract for such work had been made by the county.

It may be conceded for the purposes of this case that when the county board has a contract with one person to do a printing job the county clerk has no right to ignore such contract and give the work to a different person, and thereby render the county liable to pay the bill for such work, although it is not necessary to determine that point in this case, and we express no opinion on that question.

The record in this case fails to show that the county board ever made the contract with Keithley referred to. It does show a bid in writing for the doing of certain specific work at a definite price, and it shows a writing in the form of a contract for the work bid for, signed by a committee of the county board and Keithley, but it failed to show that the bid was accepted by

the county board or that the committee was authorized to execute the writing.

Besides that, neither the bid nor the so-called contract makes any reference to ballots for primary elections. Appellant insists that because the contract contains the words "the party of the first part has this day contracted and let to the party of the second part all printing to be done for the County of Clark for one year beginning with the 9th day of June, 1914," and a little later the words "anything required not here enumerated will be furnished at fair and reasonable prices, and in accordance with above," taken in connection with the fact that the printing of primary ballots was "done for the county," the court should hold that the printing of primary ballots was included in the terms of the contract. The contract cannot be so construed. Following the language first above quoted, the contract contains the following: "It is agreed by and between the parties hereto that the party of the second part shall furnish to the party of the first part the following items at the respective prices as follows," then follows a list of items with the prices set opposite, at which each item will be printed, which list does not include primary ballots. This was an attempt to make a contract based on a successful competitive bid for the county printing. To say in a competitive bid a party will perform certain labor at a "reasonable price" is no bid at all, because it fixes no price. A contract based on such a bid, if it must be let to the lowest bidder, is void for uncertainty. Even if the contract offered in evidence signed by Keithley and the committee of the board of supervisors had been shown to have been authorized by the board, still it could not be held to cover primary ballots, because no price at which such primary ballots would be printed is fixed specifically or in general terms in the contract or the bid upon which it is based, or discoverable by implication.

The law clearly makes it the imperative duty of the county clerk to cause primary ballots to be printed. This duty he must perform whether the county board makes provisions for defraying the expenses or not. When in the performance of that duty he violates no law or contract or rule of the county board, the county is clearly liable for the expense he incurs in so doing. For analogous case, see *People v. Fuller*, 238 Ill. 116. The judgment of the Circuit Court is therefore affirmed.

*Judgment affirmed.*